CV 15                5840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

COGAN, J.

ZIMING SHEN,

                    Defendant-Petitioner                ___ Cv. ___

         -against-

UNITED STATES OF AMERICA,                               Related case:
                                                        12 Cr. 068 (DLI)

                    Respondent,

-------------------------------------------------------X

## PETITION FOR A WRIT OF CORAM NOBIS

Defendant-Petitioner Ziming Shem, by and through undersigned counsel,

submits this petition for a writ of coram nobis pursuant to 28 U.S.C. § 1651 to

vacate the Judgment/Restitution Order entered on October 10, 2013, and the Order

of Forfeiture entered on October 10, 2013. On April 12, 2012, Shen pled guilty

pursuant to an Information charging him and his co-defendant and wife, Joanne

Fan, with one count of violating 18 U.S.C. § 666(a)(1)(A)(i). Briefly, Fan and Shen

were agents of Red Apple Child Development Centers ("Red Apple"). Red Apple

received Federal funds from the Child and Adult Care Food Program ("CACFP")

for the reimbursement of the cost of meals served to the qualifying children who

were attending Red Apple as well as the expenses associated with the service and

administration of those meals. Fan and Shen pleaded guilty to embezzling and

misapplying CACFP Federal funds from Red Apple.

1

As set forth in accompanying Memorandum of Law, the restitution ordered in this case is illegal because, among other reasons, it was awarded to the United States Department of Agriculture, which was not the victim of the offense of conviction, and does not constitute actual losses relating to the offense of conviction. At sentencing, the Court also issued Orders of forfeiture as to both defendants, jointly and severally, for $3,000,000.00. These Orders stated that they were issued pursuant to, *inter alia*, 18 U.S.C. § 981(a)(1)(C).That statute does not authorize forfeiture for a violation of 18 U.S.C. § 666(a)(1). As set forth in the accompanying Memorandum of Law, the order of forfeiture is illegal because the statute referred to in the order does not authorize forfeiture for the conduct of conviction.

Because Shen is not presently in custody a Writ of Coram Nobis vacating the illegal restitution and forfeiture orders is the appropriate remedy. The Petition accordingly should be granted.

Dated:  New York, New York
October 9, 2015

Respectfully submitted,

Steve Zissou, Esq.
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361
(718) 279-4500

*Attorney for Ziming Shen*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ZIMING SHEN,

                            Defendant-Petitioner,          ___ Cv. ___

     -against-

                                               Related case:
UNITED STATES OF AMERICA,               12 Cr. 068 (DLI)

                            Respondent,

--------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PETITION
# FOR A WRIT OF CORAM NOBIS


STEVE ZISSOU, ESQ.
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361
(718) 279-4500

--Of counsel--
Nathan Dershowitz
Amy Adelson                      *Attorney for Ziming Shen*

# Table of Contents

Table of Authorities.................................................................................... ii

Preliminary Statement .................................................................................. 1

Prior Proceedings........................................................................................... 1

Introduction .................................................................................................... 7

Argument ......................................................................................................... 9

    Point I

    THE WRIT SHOULD BE GRANTED
    BECAUSE THE AWARD OF RESTITUTION IS ILLEGAL....................... 9

    Point II

    THE FORFEITURE IS ILLEGAL
    AND ALSO CAN BE CHALLENGED COLLATERALLY ....................... 17

    Point III

    THE WRIT SHOULD BE GRANTED
    BECAUSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE
    IN FAILING TO ENSURE THAT SHEN HAD A FATICO HEARING ... 19

Conclusion..................................................................................................... 21

## Exhibits

Email from Ziming Shen to Enrico DeMacro,
dated, April 10, 2013 ...................................................................... Exhibit 1

Email from Ziming Shen to Enrico DeMarco and Joanna Fan,
dated, September 3, 2013 ................................................................ Exhibit 2

# Table of Authorities

CASES

*Campusano v. United States,*
442 F.3d 770 (2d Cir. 2006)..........................................................................20

*Carnesi v. United States,*
933 F.Supp.2d 388 (E.D.N.Y. 2013) ........................................................ 8, 16

*Ewan v. United States,*
2012 U.S. Dist. LEXIS 120073 (E.D.N.Y. 2012)....................................... 8, 16

*Fleming v. United States,*
146 F.3d 88 (2d Cir. 1998)...........................................................................14

*Foont v United States,*
93 F.3d 76 (2d Cir. 1996).............................................................................14

*Hughey v. United States,*
495 U.S. 411 (1990)....................................................................................10

*In re Local #46 Metal Lathers Union,*
568 F. 3d 81 (2d Cir 2009)...........................................................................13

*Kaminski v. United States,*
339 F.3d 84 (2d Cir. 2003)..............................................................................8

*Mansour v. United States,*
2015 U.S. Dist. LEXIS 46884 (S.D.N.Y. 2015)................................................8

*Matos v United States,*
907 F.Supp.2d 378 (S.D.N.Y. 2012)..............................................................16

*Roe v. Flores-Ortega,*
525 U.S. 470, 483 (2000).............................................................................20

*Sabri v. United States,*
541 U.S. 600 (2004).....................................................................................11

*Strickland v. Washington,*
466 U.S. 668 (1984)..................................................................... 15, 19

*United States v. Archer,*
671 F.3d 149 (2d Cir. 2011)................................................................ 13

*United States v. Battista,*
575 F.3d 226 (2d Cir. 2009)................................................................ 10

*United States v. Denedo,*
556 U.S. 904 (2009)............................................................................. 7

*United States v. Gomez-Perez,*
215 F.3d 315 (2d Cir. 2000)................................................................. 7

*United States v. Gottesman,*
122 F.3d 150 (2d Cir 1997).................................................................. 9

*United States v. Hines,*
541 F.3d 833 (8th Cir. 2008).............................................................. 10

*United States v. Marino,*
654 F.3d 310 (2d Cir. 2011)............................................................... 16

*United States v. Morgan,*
346 U.S. 502 (1954).......................................................................... 7, 14

*United States v. Morrison,*
685 F.Supp.2d 339 (E.D.N.Y. 2010) ................................................. 13

*United States v. Reifler,*
446 F.3d 65 (2d Cir. 2006)............................................................ 10, 16

## STATUTES

18 U.S.C. § 666 ................................................................ 1, 10, 17, 18

18 U.S.C. § 981 ................................................................... 17, 18

18 U.S.C. § 3663A ................................................................ 9, 10

21 U.S.C. § 853 ................................................................................................ 17

28 U.S.C. § 1651 ................................................................................................ 1

28 U.S.C. § 2255 ................................................................................................ 8

28 U.S.C. § 2461 ................................................................................................ 17

## Preliminary Statement

Defendant-petitioner Ziming Shen submits this Memorandum of Law in support of his Petition for a Writ of Coram Nobis, pursuant to 28 U.S.C. § 1651(a) (the "All Writs Act").

## Prior Proceedings

On April 12, 2012,   Ziming Shen pleaded guilty pursuant to a plea agreement to an Information charging one count of violating 18 U.S.C. § 666(a)(1)(A)(i) (Federal Program Fraud) (Dkt. 20).[1] The plea agreement provided that the calculation relating to total loss, restitution, and forfeiture could be litigated prior to sentencing. Consistent with this agreement, there was no stipulation as to the applicable Guidelines range since it was understood that the loss amounts would drive the Guideline sentence.

During Shen's plea allocution, it was crystal clear that the plea agreement contemplated that issues relating to loss, restitution and forfeiture would be resolved at a later evidentiary hearing.  This Court inquired if there was anything that Shen would like to review:

> [SHEN]: Not at this time, Your Honor.
>
> THE COURT: This is the time for me to review it. You can't tell me not at this time because this is the time. If

---

[1]      Unless stated otherwise, all citations preceded by "Dkt." are to documents filed under Docket No. 12 Cr. 068 (DLI).

there's anything at all, I'm happy to explain anything at all if you have any doubt at all about anything.

MR. AGULNICK: Your Honor, I'm not revealing any secrets but the thing that my client is concerned about and wants clearly on the record, and perhaps this is not the time to do that, because we want every opportunity to dispute the amounts of money that are listed as the maximum amounts here. My client also wishes to have a hearing, if necessary, and present evidence in the way of witnesses, or documentation to prove that the amounts of money that the Government is alleging are not accurate. His idea is that the amount should be determined later after we go through these hearings and these procedures and that's what he was asking me about now. I apologize for bringing that up now.

THE COURT: No, that is okay.

MR. AGULNICK: But this is something that I think the Government and we have agreed upon, that this procedure will be held and then we will have every opportunity in the world to dispute the amounts and I believe that also applied to Ms. Fan in the previous proceeding.

THE COURT: Yes, that is correct. It did apply to Ms. Fan as well.  I can understand why he has some confusion here, and why he's raising that, so that's okay. By pleading guilty you give up your right to challenge all of the Government's evidence at a trial in front of a jury, okay, that's separate and apart from the right that you want to still hold on to, which is to challenge the amount of loss or the amount of restitution, and the two are tied together. Before I impose sentence because, obviously the amount of loss also affects the sentencing guideline range because if it's – just based on what I heard before with Ms. Fan, if it over 2.5 million, then that's one sentencing guideline range. If it's less than that, then the guideline range goes down. So that's not going to affect

your right to have any – if we need to have a hearing where you present evidence with respect to the loss amount or restitution amount, then we could do that, but this does not affect that right to do that.

MR. AGULNICK: Additionally, Your Honor, I have advised my client after discussions with the Government that we can also dispute the forfeiture amounts in the same way that Your Honor described.

THE COURT: Right. And all of these amounts are all tied to the loss amount basically. So the loss amount affects the restitution amount, affects the forfeiture amount. They are all interrelated. I would venture a guess based on what I've heard already from the prior proceeding concerning Ms. Fan the odds are it is going to be the same number across the board for the loss amount, for restitution amount, and forfeiture amount, okay. Do you understand that now?

[SHEN]: Thank you, very much, Your Honor.

(Dkt, 23, Transcript of Shen Plea Hearing, dated April 12, 2012, at 21-23).

On April 5, 2013, and April 9, 2013, approximately six months prior to sentencing, the Government filed two letters purporting to memorialize an agreement with Shen to waive the promised litigation regarding loss, restitution, and forfeiture, and alleging that Shen had consented to the Government's calculations. (Dkts. 57, 58) In an email dated April 10, 2013, Shen made clear to his sentencing counsel, Enrico DeMarco, that he wanted a hearing:

rico, yesterday after you left, and i study the case again, I strongly feel we need that hearing, i called you from 5 to 9, but your phone were voice answering only, if you see this email, no matter you already write to the court or not,

3

> please tell judge again yesterday we lost the contact and i
> want to go to the hearing, i have strong case to approve
> our number is much lower, if you used that 8.4 figure,
> supermarnet only can get 2.3 m, and we did service not
> only from 05 to 09, but 09-12, also an accountant can
> explain the 1.2 is buttshit too, i am so determine, please
> ask for the hearing!!!  Thank you so much, i can call you
> if you give me a time,  Zim

Email from Ziming Shen to Enrico DeMacro, dated, April 10, 2013 (annexed

hereto as Exhibit 1). Similarly, in a later email, dated September 3, 2013, Shen

repeated that desire, stating, in relevant part:

> Also Gov.'s memos several times claimed that Shen/Fan
> waived their rights to challenge the facts for loss that was
> misleading.  If read Shen's plea transcripts pages 21, 22,
> Shen's lawyer clearly spoke to the court that Shen and
> Fan both didn't agree with Gov.'s loss figure, and asked
> the court to offer them all the opportunity to challenge
> these figures in the hearings.

Email from Ziming Shen to Enrico DeMarco and Joanna Fan, dated, September 3,

2013 (annexed hereto as Exhibit 2).

Despite this, at sentencing, defense counsel did not inform this Court that

Shen had not agreed to the purported stipulations, and, to the contrary, had advised

him to inform both the Court and the Government that he did not agree to loss,

restitution and forfeiture, and still wanted a hearing.  The Court sentenced Shen

and his co-defendant and wife, Joanna Fan, apparently mistakenly believing that

they had stipulated to loss, restitution, and forfeiture.

4

The Pre-sentence Report designated Red Apple as the victim of the offense of conviction (PSR ¶ 18), and recommended that Shen pay restitution in the amount of $2,210,377.46 (PSR ¶ 101). The Government did not object (Dkt.66), and, at sentencing, the Court "adopted as amended" the PSR. (Transcript of Shen Sentencing, dated October 10, 2013, "ST" at 14)   Yet the Court ruled that the United States Department of Agriculture ("USDA"), and not Red Apple, was the victim because the offense involved "the embezzlement of federal funds," and ordered Shen to pay restitution in the amount of $2,210,377.46 to the USDA (ST at 44, 46).[2]  The Court also issued an order of forfeiture as to both defendants, jointly and severally, for $3,000,000.00 (see Dkt. 88 at 7-9, Fan Order of Forfeiture, dated October 1, 2013; Dkt. 94 at 7-10, Shen Order of Forfeiture, dated October 10, 2013).

On October 24, 2013, four days prior to filing his notice of appeal, Shen filed a timely motion to correct and/or amend his sentence pursuant to Fed.R.Crim.P 35(a), arguing that the Court had committed clear error when it relied on the Government's April 5, 2013, and April 9, 2013, letters.  Specifically, Shen argued, *inter alia*:

> In adjudicating the restitution order, this Court adopted the restitution order proposed by the Government, but did not require the Government to submit evidence or

---

[2]   Shen and Fan were found to be jointly and severally liable.

testimony to establish the restitution amount (or the number of victims) by a preponderance of the evidence. Instead, this Court determined that the sole victim was the Department of Agriculture, a finding that was contrary to the defendant's objections.

\*      \*      \*

[L]ost in the debate regarding the amount of *total* loss attributable to the defendants for purposes of restitution, was the distinction between loss that required repayment to the Department of Agriculture as opposed to loss that may or may not require repayment to Red Apple. Even assuming, arguendo, that the *total* loss calculation of $2,210,377.46 reached by this Court was correct, what we also dispute is the amount of restitution owed to the Department of Agriculture.

\*      \*      \*

[The District Court] found that Red Apple was not a victim because it was indistinguishable as an independent entity from the defendants <u>and</u> that the defendants had "stipulated" to restitution. However, even if one were to conclude that the defendants stipulated to *the total amount of restitution*, in none of the relevant submissions can it be said that the defendants stipulated to the *number of victims*, nor how much restitution should be *apportioned to each*. Furthermore, nothing in the sentencing transcripts or the Government's sentencing memoranda support, by a preponderance of the evidence, that the Department of Agriculture was entitled to the entire $2,210,377.46 of restitution – and that was what Mr. Shen's attorney was contesting, the amount owed specifically to the Department of Agriculture, not the total amount of calculable loss.

(Dkt. 99, Shen's Rule 35(a) Letter-Motion, dated October 24, 2013, at 2-4, *emphases in original*; *see also* Dkt. 103, Shen's Reply to Gov't Opposition).

6

On January 16, 2014, the Court denied Shen's Rule 35 Motion. A direct appeal was filed jointly on behalf of both defendants, which included the question: "Whether Fan and Shen's appellate waivers were invalidated by the Government's unfulfilled promise that total loss and restitution calculations would be litigated prior to sentencing?" (*United States v. Fan et al.*, 2d Cir. Docket No. 13-3924, Dkt. 80 at 10 [???]).

The Government moved to dismiss the appeal on procedural grounds, arguing that the defendants' right to appeal had been waived by the provisions of their plea agreements. On October 17, 2014, the Second Circuit dismissed the defendants' joint appeal on procedural grounds noting, *inter alia* "Fan and Shen have not demonstrated that the waivers of their appellate rights are unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)."

## Introduction

*United States v. Morgan*, 346 U.S. 502 (1954), held that federal courts have the power to grant writs of coram nobis pursuant to the All Writs Act to remedy fundamental wrongs that have continuing effects on a defendant who has never been or is no longer in custody. Though coram nobis may be an "extraordinary tool," it is both the appropriate and the available method to correct a fundamental "legal or factual error," including ineffectiveness of counsel, that cannot be redressed by alternative means. *United States v. Denedo*, 556 U.S. 904, 911 (2009).

7

As a general rule, restitution and forfeiture, because they are the non-custodial portions of the sentence, cannot be challenged by a motion pursuant to 28 U.S.C. § 2255. *See Kaminski v. United States*, 339 F.3d 84 (2d Cir. 2003). But relief is available to a defendant harmed by an illegal restitution award or an illegal forfeiture order through a writ of coram nobis. *See Mansour v. United States*, 2015 U.S. Dist. LEXIS 46884 (S.D.N.Y. 2015);[3] *Carnesi v. United States*, 933 F. Supp. 2d 388 (E.D.N.Y. 2013); *Ewan v. United States*, 2012 U.S. Dist. LEXIS 120073 (E.D.N.Y. 2012); *see also Kaminski*, 339 F.3d at 89-91 (Calabresi, J., concurring).

Here, Shen, who is not in custody, seeks a writ of *coram nobis* to vacate the restitution order incorporated in his judgment as both legally impermissible and factually wrong.   He also seeks to vacate an order of forfeiture that was unauthorized by statute.   As shown below, to redress fundamental wrongs and achieve justice through the only means available, and because Shen is continuing to suffer legal consequences as a result of the illegal restitution and forfeiture orders, the writ should be granted.

---

[3]   In *Mansour*, the petitioner, appearing *pro se*, sought to challenge a restitution award through a Section 2255 motion.  The court construed the motion as seeking coram nobis relief, and rejected Mansour's claim on the merits.

## Argument

## Point I

## THE WRIT SHOULD BE GRANTED
## BECAUSE THE AWARD OF RESTITUTION IS ILLEGAL

Although Red Apple was the victim of the offense of conviction, the Court awarded restitution in the amount of $2,210,377.46 to the USDA, and not Red Apple (ST at 44, 46). Because the United States was *not* the victim of the offense of conviction, the restitution award is illegal and must be vacated.

Federal courts have no inherent power to authorize restitution except as conferred by statute. *See United States v. Gottesman*, 122 F.3d 150, 151 (2d Cir 1997). In this case, restitution was ordered pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(1)(a) (the "MVRA"), which provides, in pertinent part:

> The court shall order, in addition to … any other penalty authorized by law, that the defendant make restitution *to the victim of the offense.*

A victim is "*a person directly and proximately harmed as a result of the commission of an offense f*or *which restitution may be ordered*, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct

9

in the course of the scheme, conspiracy, or pattern."[4] Section 3663A(a)(2) (emphasis added).

Restitution may only be ordered as allowed by the statute and only to the extent of the losses suffered by the victim of the offenses of conviction. *See Hughey v. United States*, 495 U.S. 411, 413 (1990). The rule in this Circuit is clear: "Section 3663A(a)(1) does not authorize the court to order a defendant to pay restitution to any person who was not a victim of the offense of which the defendant was convicted." *United States v. Reifler*, 446 F.3d 65, 120 (2d Cir. 2006). "Although the definition of victim is certainly broad, in determining whether one qualifies as a victim, a sentencing court can only consider the offense or offenses for which the defendant was convicted." *United States v. Battista*, 575 F.3d 226, 231 (2d Cir. 2009).

Shen pled guilty to a one-count Information: a violation of 18 U.S.C. § 666(a)(1). That section is entitled "theft or bribery concerning programs receiving Federal funds." The crime is embezzling, stealing, or obtaining by fraud property valued over $5,000 from a program receiving in excess of $10,000 in federal funds annually. *See* 18 U.S.C. § 666(b). The statute does not require a nexus between the illegal conduct and the federal funds. *See, e.g., United States v. Hines*, 541 F.3d

---

[4]      Section 3663A(a)(3) allows the court to order restitution to persons other than victims of the offense if that is "agreed to by the parties in a plea agreement." This provision is inapplicable. Shen never agreed to pay restitution to the USDA.

833 (8th Cir. 2008), *cert. denied*, 555 U.S. 200 (2009). Rather, the crime is stealing from a program that receives federal funds. The fact that federal funds are involved simply establishes a constitutional basis for federal jurisdiction. *See Sabri v. United States*, 541 U.S. 600 (2004).

The Information charged that Red Apple Child Development Center was the federally funded program and the defendants embezzled and stole from Red Apple. Funds from the Child and Adult Care Food Program were paid to Red Apple as *reimbursements* to Red Apple, and, according to the Information, were then improperly paid to a company Shen and Fan had established for their own personal benefit (*see* Dkt. 20, Information ¶ 8). Though the information referred abstractly to a scheme to defraud, Shen was not charged with a conspiracy or scheme to defraud, *only* with a theft of funds from Red Appeal, a program receiving federal funds. Nor was he charged with corruption or bribery under 18 U.S.C. § 666(a)(1)(B), where, unlike the crime at issue here, federal funds often have a direct nexus to the crime because they are the proceeds of the bribe.

The PSR correctly identified the victim as Red Apple. The Government did not object to that characterization in its objections to the PSR (Dkt. 66). Before sentencing, Shen argued that the USDA was not the victim of the offense and was not entitled to restitution except to the extent it had overpaid Red Apple in the amount of $291,370 (Dkt. 77 at 16-20; Dkt. 85 at 6-9). The Government, though it

11

had not objected to the PSR, submitted a letter disagreeing with this position (Dkt. 80 at 11-12).

The issue was resolved at Fan's sentencing. After addressing some contested issues, the Court adopted the PSR. (Fan Sentencing Transcript, dated October 1, 2013, at 13). Thereafter, the Court imposed sentence, and stated "I'm going to issue an order of restitution which, remind me Mr. [AUSA] Spector, isn't the victim here the U.S. Department of Agriculture," to which AUSA Spector responded, "Yes, your Honor" (Fan ST at 59). Although noting that the PSR had listed Red Apple as the victim, the Court opined that the PSR was incorrect. AUSA Spector agreed, and Fan's defense counsel remained silent. The Court then imposed restitution in the amount of $2,210,377.46 to be paid to the USDA.

At Shen's sentencing, the Court observed that the rulings in defendant Fan sentencing are "the law of the case" and that the Court was not going to entertain argument to the contrary. (ST at 6-7) Defense counsel, before imposition of sentence, objected to how restitution should be apportioned, reiterating the prior objections about who was the victim of the offense. (ST at 23) Nonetheless, the Court imposed the same restitution to be paid to the USDA, not Red Apple. After imposition of the sentence, counsel did not immediately reassert an objection to the USDA being designated as the victim and being awarded over $2 million in restitution. In post-sentencing submissions, however, pursuant to Rule 35(a) of the

12

Federal Rules of Criminal Procedure, newly retained counsel reiterated the prior objection to treating the USDA as a victim for purposes of the full amount of the restitution. (Dkts. 99, 103, Letters dated October 24, 2013 and November 1, 2013)

Awarding restitution to the USDA, who was not a victim of the offense of conviction and was not directly and proximately harmed by that offense, was illegal. The Court was of the view that it would be improper to award restitution to Red Apple because the defendants had a controlling interest in that company and because, tangentially, the Government was harmed because government funds were stolen from Red Apple. (ST at 23-25)   But that does not justify awarding restitution to a non-victim. Even if the federal government was harmed indirectly by the embezzlement of Red Apple funds, because its harm was not the direct and proximate result of the offense of conviction, it does not fall within the ambit of the MVRA. *See, e.g., In re Local #46 Metal Lathers Union*, 568 F. 3d 81, 85-87 (2d Cir 2009), *cert. denied*, 559 U.S. 938 (2010) (union not entitled to restitution where defendant pled guilty to money laundering conspiracy and union's loss not directly and proximately caused by that offense); *United States v. Archer*, 671 F.3d 149, 170 (2d Cir. 2011) (restitution not permitted for losses caused by "unprosecuted offense); *United States v. Morrison*, 685 F. Supp. 2d 339 (E.D.N.Y. 2010), *reconsideration granted on other grounds*, 706 F. Supp. 2d 304 (E.D.N.Y.), *aff'd in part and rev'd in part*, 686 F.3d 94 (2d Cir. 2012), *cert. denied*, 133 S.Ct.

13

955 (2013) (defendant convicted of RICO conspiracy for selling contraband cigarettes lacking New York State stamps; although City may have been harmed because the sale of discounted cigarettes displaced sales of cigarettes that would have generated City revenue, the City was not a direct victim of the crime entitled to restitution).

To establish a right to a writ of *coram nobis*, the petitioner must establish that (1) "there are 'circumstances compelling such relief to achieve justice;' " (2) "sound reasons exist []for failure to seek appropriate earlier relief"; and (3) the petitioner "continues to suffer legal consequences that may be remedied by granting of the writ...." *Foont v United States*, 93 F.3d 76, 79 (2d Cir. 1996), *quoting Morgan*, 346 U.S. at 512 (citations omitted); *see also Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998).

These standards are met here. Justice requires that there be a remedy for an illegal sentence; Shen could not contest the sentence on appeal because he waived the right to do so (though he did not waive his right to collaterally challenge the restitution or forfeiture orders, *see p.*17, *infra*); and, though he has now paid the restitution in full, he continues to suffer the consequences of the illegal penalty,

14

including loss of the use of his funds, loss of interest, and possibly, a contempt sanction for late payment.[5]

To the extent that trial counsel failed to make plain Shen's position that the USDA was not the victim of the crime during plea negotiations, prior to sentencing, or at the conclusion of sentencing itself, and, as demonstrated in Point III below, by failing to request a *Fatico* hearing, his representation was constitutionally deficient. Under *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), to find ineffectiveness, the petitioner must establish that counsel's "representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Certainly, counsel's failure to object when this Court, with the prosecutor's assent, switched the victim from Red Apple to the USDA violated the minimum standards for effective counsel and was highly prejudicial, resulting in Shen being ordered to pay $2,210,377 to a non-victim of the offense of conviction.

---

[5]   As of the date of the filing of this petition the Court is considering whether to impose a jail sentence for violating the terms of his probation, specifically as a result of Shen's failure to pay restitution and forfeiture in a timely fashion.

Ineffectiveness of counsel can constitute sound reasons for failure to seek relief to improper restitution award on direct appeal. *See Carnesi*, 933 F. Supp. 2d at 396. And it clearly may be raised by way of a writ of coram nobis. *See Matos v United States*, 907 F. Supp. 2d 378 (S.D.N.Y. 2012).

*Ewan v. United States, supra,* is directly on point.  There, defendant had pled guilty to bankruptcy fraud, but restitution was awarded to a bank for uncharged mortgage fraud. Counsel failed to object to the restitution award on the ground that the bank's loss was not proximately caused by the offense of conviction.  The Court, citing *Matos*, held that being deprived of constitutionally effective counsel was sufficiently fundamental an error to justify a *coram nobis* writ, and that counsel's failure to object on the ground that the restitution award was unauthorized under the MVRA "fell below a reasonable standard of representation and prejudiced" the petitioner. *Ewan*, 2012 U.S. Dist. LEXIS at *7.   Similarly, here, as with the bank in *Ewan*, the USDA was not a victim of the offense and its losses were not "directly caused by the conduct composing the offense of conviction." *United States v. Marino*, 654 F.3d 310, 319-320 (2d Cir. 2011); *see also Reifler*, 446 F.3d at 120.  And, as in *Ewan*, counsel's failure to ensure that this critical part of Shen's punishment was authorized by statute constitutes ineffective assistance of counsel.

16

Finally, Shen has not waived his right to collaterally attack the restitution award as illegal. In his plea agreement, Shen waived his right to appeal or collaterally attack his conviction or sentence if the sentence was 51 months or below (*see* Plea Agreement ¶ 4). He further waived his right to *appeal* the restitution if the amount of restitution imposed was below $3,000,000. *Id.* He did not waive his right to a collateral attack on the restitution award. Moreover, as a matter of law, a waiver of an illegal restitution sentencing, including the restitution award, constitutes a miscarriage of justice and is not enforceable. *See United States v De Valle-Cruz,* 785 F.3d 48 (1st Cir. 2015).

## Point II

### THE FORFEITURE IS ILLEGAL AND ALSO CAN BE CHALLENGED COLLATERALLY

At sentencing, this Court issued an order of forfeiture as to both defendants, jointly and severally, for $3,000,000.00. (Fan Order of Forfeiture, dated, October 1, 2013.Dkt. 88 at 7-9; Shen Order of Forfeiture, dated, October 10, 2013, Dkt.94 at 7-10. These Orders stated that they were issued pursuant to, *inter alia*, 18 U.S.C. § 981(a)(1)(C).[6]  That statute does not authorize forfeiture for a violation of 18 U.S.C. § 666(a)(1).

---

[6]  The forfeiture order also refers to 28 U.S.C. § 2461 and 21 U.S.C. § 853(p), neither of which authorize forfeiture in this case.  28 U.S.C. § 2461 addresses the procedure when forfeiture *is* authorized by statute. 21 U.S.C. § 853(p) addresses substitute assets.

18 U.S.C. § 981(a)(1)(C) provides for civil forfeiture of " [a]ny property real or personal, which constitutes or is derived from proceeds traceable to a violation of" enumerated statutes. 18 U.S.C. § 666(a)(1) is not listed as a statute for which civil forfeiture is authorized.  The failure of counsel to object to a forfeiture order not authorized by statute constituted ineffective representation of counsel.

Forfeiture may be allowable, under some circumstances, for violations of 18 U.S.C. § 666, but those circumstances are not present here. 18 U.S.C. § 981(a)(1)(D)(i), provides that "[a]ny property, real or personal, which represents or is traceable to the gross receipts obtained, direct or indirectly, from a violation of ... section 666(a)(1) (relating to Federal program fraud)" is subject to forfeiture Neither the information, nor the plea, or nor any evidence presented charged a violation relating to the sale of assets acquired or held by the Federal Deposit Insurance Corporation, or any other conservator.  Moreover, the forfeiture orders did not even claim to be authorized pursuant to 18 U.S.C. § 981(a)(1)(D)(i).

The forfeiture award is plainly illegal.  To the extent counsel failed to challenge its invalidity, his representation feel below objective standards of reasonableness and violated *Strickland*. The prejudice is clear. Had counsel objected, forfeiture in the amount of $3,000,000 would not have been ordered.

18

## Point III

### THE WRIT SHOULD BE GRANTED
### BECAUSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE
### IN FAILING TO ENSURE THAT SHEN HAD A FATICO HEARING

From the outset Shen insisted that his plea of guilty to the single count in the Information did not constitute a waiver of his right to contest the amount of loss, restitution, and forfeiture, and that the Government prove those amounts, as required, at an evidentiary hearing. During the Rule 11 proceedings this Court specifically permitted Shen to preserve his right to litigate loss prior to sentencing. *See* Transcript of Shen Plea Hearing, dated, April 12, 2012, at 21-23. Later, the Government represented that Shen had waived those rights. Though promptly advised by Shen that this was not the case, sentencing counsel failed to dispute, in a timely fashion, these assertions.

Consequently, without a hearing, the Court adopted the Government's loss calculations, which were higher than the calculations believed by the defense to be accurate. Counsel's failure to preserve Shen's right to contest these issues fell below an objective standard of reasonableness and "there is a reasonable probability" – that is, a "probability sufficient to undermine confidence in the outcome" – that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Even if the Government acted in good faith when it filed its April 5, 2013, and April 9, 2013 letters representing that agreements had been reached to waive the defendants' *Fatico* hearing and accept the calculations proposed in the Government's letters, Shen's prompt emails to his counsel made clear that, notwithstanding the Government's good faith, he did *not* in fact consent to the stipulations. *See* Exhibits 1 and 2, annexed hereto. At that point it was incumbent on his counsel to make his objection known to the Government and this Court.

Counsel's failure to file an immediate and timely objection to the Government's mistaken claims that the defendant had agreed to accept the Government's loss calculations and to waive their right to the very thing the defendants' guilty pleas had been most contingent upon – a *Fatico* hearing – fell below an objective standard of reasonableness.

As to the prejudice prong of *Strickland*, though there is no way to predict findings the Court would have made after a full and complete *Fatico* hearing, Shen was prejudiced nonetheless. He lost an opportunity he had carefully preserved to challenge the Government's figures. *See Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006) (prejudice under *Strickland* is presumed where counsel's error leads to "the forfeiture of a proceeding itself"), *quoting, Roe v. Flores-Ortega*, 525 U.S. 470, 483 (2000). Shen has consistently maintained that, at a hearing, the evidence would show that the restitution and forfeiture amounts were

20

lower than the Government claimed.  Moreover, at a hearing, the parties may well have recognized the improprieties of ordering restitution to a non-victim and ordering forfeiture when it was not authorized by the relevant statute.

Finally, Shen incorporates herein co-defendant Fan's arguments on the same issue as to the improper waiver of the *Fatico* hearing and the failure of counsel to timely advise this Court about the lack of agreement to the letters submitted by the Government.  *See Fan v. United States*, 15 Cv. 4169 (DLI), Document No. 4, at 17-24 (Point II of Fan's Section 2255 motion).

## CONCLUSION

For the foregoing reasons, the writ of coram nobis should be granted and the orders of restitution and forfeiture should be vacated.

Dated:  New York, New York
       October 9, 2015

                                Respectfully submitted,

                                Steve Zissou, Esq.
                                42-40 Bell Boulevard, Suite 302
                                Bayside, New York 11361
                                (718) 279-4500

                                *Attorney for Ziming Shen*

--Of counsel--
Nathan Dershowitz
Amy Adelson

TRULINCS  79570053 - SHEN, ZIMING NHM - Unit: BRO-J-B

---------------------------------------------------------------------------------------------

FROM: 79570053
TO: Demarco, Enrico
SUBJECT: I want the hearing
DATE: 04/10/2013 06:18:36 AM


rico, yesterday after you left, and i study the case again, i strongly feel we need that hearing, i called you from 5 to 9, but your phone were voice answering only, if you see this email, no matter you already write to the court or not, please tell judge again yesterday we lost the contact and i want to go the hearing, i have strong case to approve our number is much much lower, if you used that 8.4 figure, supermarnet only can get 2.3 m, and we did service not only from 05 to 09, but 09-12, also an accountant can explain the 1.2 is buttshit too, i am so determine, please ask for the hearing!!! Thank you so much, i can call you if you give me a time, Zim

**Exhibit 1**

TRULINCS 79570053 - SHEN, ZIMING NHM - Unit: BRO-J-B

-------------------------------------------------------------------------------------------------------

FROM: 79570053
TO: Demarco, Enrico; Fan, Joanna
SUBJECT: continue 18  FNS "costs" and  No waive in Plea
DATE: 09/03/2013 03:08:40 PM


FNS's Exhibit B clearly indicated that the Cost for Red apple included the cost from wholesaler like Jrtro to Red Apple kitchen ( please read exact language) the amounts on Red Apple's checks paid to Supermarnet's vendors were only the partial amounts of total costs of the foods delivered to Red Apple schools' kitchen ladies hands. The amounts on the Red Apple's check's face, for example if Red Apple's check with a $100 paid amount, that $100 just was the cost for food at Jetro's store, it didn't included the labors to pick up these foods from Jetro's shelves, then the labor to load these foods into the Supermarnet's truck or vans, or wagons, then these foods were being transported into Supermarneet's warehouse, then were being unloaded and then being stored in warehouse's different storage area such as walk-in refrigerator or storage room, or on shelves. Then when Supermarnet received these orders from differently located Red Apple schools, the laborers had to load these required items into truck and then being delivered to these locations' kitchens, until then when these foods finally arrived the Red Apple's kitchens, then final costs could be computed. If add all these costs of 5 years for Supermarnet, the totaled was $2.2 millions as Floyd Report figured out. So the $2.2 millions was red Apple's money, not Gov.'s loss at all. The Supermarnet misapplied these funds without reporting the CACFP at first place, so Fan/Supermarnet/Shen and agreed to repay these funds back to Red Apple under April 5's letter. PSR is correct, Red Apple was a victim!

Also Gov.'s memos several times claimed that Shen/Fan waived their rights to challenge the facts for loss , that was misleading. If read Shen's plea transcripts pages 21,22, Shen's lawyer clearly spoke to the court that Shen and Fan both didn't agree with Gov.'s loss figure, and asked the court to offer them all the opportunity to challenge these figures in the hearings.

**Exhibit 2**