UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZIMING SHEN,  :
  :
                Petitioner,  :
  :         **MEMORANDUM AND ORDER**
      -against-  :         12-cr-00068 (DLI)
  :         15-cv-05840 (DLI)
UNITED STATES OF AMERICA,  :
  :
                Respondent.  :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 9, 2015, Ziming Shen ("Petitioner") filed a petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651 (the "Petition"), seeking to vacate orders of restitution and forfeiture adjudged as part of his sentence. *See*, *generally*, Petition ("Pet."), 15-cv-05840, Dkt. Entry No. 1. The Government opposed. *See*, Mem. of Law in Opp'n to Pet. ("Opp'n"), 15-cv-05840, Dkt. Entry No. 12. Petitioner replied. *See*, Mem. in Reply ("Reply"), 15-cv-05840, Dkt. Entry No. 16. For the reasons set forth below, the Petition is denied in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of both the instant civil case and its underlying criminal case. Thus, only the pertinent background necessary to resolve the Petition will be discussed here. A complaint filed on September 12, 2011 alleged that Petitioner and his codefendant wife, Joanna Fan ("Fan"), while operating Red Apple Child Development Center ("Red Apple"), embezzled over $3 million of federal funds through the Children and Adult Care Food Program ("CACFP"), a program under the Child Nutrition Act of 1966, 42 U.S.C. §§ 1751, 1771, *et seq*. *See*, *generally*, Compl., Dkt. Entry No. 1.[1]

---

[1] Unless otherwise stated, all docket entries in this Memorandum and Order refer to entries in the underlying criminal case, 12-cr-00068 (DLI).

On April 12, 2012, Petitioner, then represented by Barry W. Agulnick, Esq. ("Agulnick"), waived indictment and pled guilty, under oath, to an Information charging him and Fan with one count of Federal Program Fraud, in violation of 18 U.S.C. § 666(a)(1)(A)(i). *See*, Information, Dkt. Entry No. 20; Waiver of Indictment, Dkt. Entry No. 22; Minute Entry dated April 12, 2012, Dkt. Entry No. 24. As part of his plea agreement, Petitioner waived his right to appeal or collaterally challenge any sentence of imprisonment imposed by the Court of 51 months or less. The plea agreement provides, in relevant part:

> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 51 months or below. . . . The defendant further waives any right to appeal the restitution imposed by the Court in the event that the Court imposes restitution in the amount of $3 million or less, and further waives the right to appeal the forfeiture imposed by the Court in the event that the Court imposes forfeiture in the amount of $3 million or less.

Plea Agreement, 15-cv-05840, Dkt. Entry No. 18-1, at ¶ 4.

On January 10, 2013, after relieving Agulnick, Petitioner retained Enrico Demarco, Esq. ("Demarco"). *See*, Minute Entry dated September 4, 2012; Mot. to Substitute Attorney, Dkt. Entry No. 50; Minute Entry dated January 30, 2013. Prior to sentencing, the Government informed the Court that the parties had reached an agreement regarding the amounts of loss, restitution, and forfeiture. *See*, Letter dated April 5, 2013, Dkt. Entry No. 57; Letter dated April 9, 2013, Dkt. Entry No. 58. The Government further stated that a *Fatico* hearing would not be necessary "[b]ecause there is no outstanding factual dispute in the case." Letter dated April 9, 2013. Petitioner neither responded nor objected to the Government's April 5, 2013 and April 9, 2013 letters. On October 10, 2013, Petitioner was sentenced to probation for a term of five (5) years with special conditions, including orders to pay: (1) a $100 special assessment; (2) a fine of $100,000; (3) restitution in the amount of $2,210,377.46 to the United States Department of

Agriculture ("USDA"); and (4) forfeiture in the amount of $3,000,000.00.  *See*, Forfeiture Order, Dkt. Entry No. 92; Restitution Order, Dkt. Entry No. 93; Judgment, Dkt. Entry No. 94.

On October 24, 2013, Steven Zissou, Esq. ("Zissou") entered a notice of appearance on behalf of Petitioner.  *See*, Notice of Attorney Appearance, Dkt. Entry No. 98.  That same day, through Zissou, Petitioner moved to amend or correct the Restitution Order pursuant to Federal Rule of Criminal Procedure 35(a).  *See,* Mot. to Amend or Correct Judgment ("Rule 35 Mot."), Dkt. Entry No. 99.  On October 28, 2013, Petitioner appealed his sentence to the Second Circuit Court of Appeals.  *See*, Notice of Appeal, Dkt. Entry No. 101.  On November 8, 2013, Petitioner requested a stay of the Forfeiture Order pending resolution of the Second Circuit appeal.  *See*, Letter dated November 8, 2013, Dkt. Entry No. 106.  On January 16, 2014, this Court denied both the request to stay the Forfeiture Order and Rule 35 motion.  *See*, Summary Order Denying Mot. to Stay, Dkt. Entry No. 110; Summary Order Denying Rule 35 Mot. ("Rule 35 Order"), Dkt. Entry No. 111.  On December 22, 2014, the Second Circuit dismissed the October 28, 2013 appeal, finding that Petitioner had not demonstrated that the waiver of his appellate rights was unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).  *See*, Mandate, Dkt. Entry No. 149.

On October 9, 2015, Petitioner filed the instant Petition, alleging that:  (1) the Restitution Order was illegal because the recipient of the restitution, the USDA, was not the victim of the offense; (2) the Forfeiture Order was illegal because the civil forfeiture statute, 18 U.S.C. § 981, did not authorize forfeiture for 18 U.S.C. § 666(a)(1) violations; and (3) Demarco was constitutionally ineffective for failing to request a *Fatico* hearing on the issues of restitution and forfeiture.  *See*, *generally*, Pet.  On April 27, 2016, the Court directed Demarco to file an affidavit in response to the allegations in the Petition.  *See*, Electronic Order dated April 27, 2016.  On

3

June 8, 2016, Demarco filed the affidavit as directed. *See*, Demarco Aff., Dkt. Entry No. 10. The Government opposed the Petition, contending that Petitioner waived his right to challenge his sentence and failed to meet the legal standard for the writ of error *coram nobis*. *See*, *generally*, Opp'n.

## LEGAL STANDARD

"*Coram nobis* is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). To secure a writ of error *coram nobis*, a petitioner bears the burden of demonstrating that: "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* at 393 (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (internal quotation marks omitted)). However, the writ "is not a substitute for appeal, and relief under the writ is strictly limited to cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Id.* (internal quotation marks and citation omitted).

## DISCUSSION

**I.     Waiver of Collateral Challenge on Restitution and Forfeiture Orders**

As an initial matter, pursuant to the terms of his written plea agreement, Petitioner is barred from collaterally challenging the Restitution and Forfeiture Orders through the instant Petition. *See*, Plea Agreement at ¶ 4. "The enforceability of an appellate waiver made 'knowingly, voluntarily, and competently' is a longstanding principle of Second Circuit law." *United States v.*

4

*Bilal*, 941 F. Supp.2d 397, 401 (S.D.N.Y. 2013) (quoting *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011)). Such appeal waivers apply to orders of restitution and forfeiture, and attempts to collaterally attack sentences through writs of error *coram nobis*. *Id*. at 401-02 ("Thus, a knowing and voluntary waiver can preclude a defendant's right . . . to oppose an order of restitution contemplated by a plea agreement") (citing *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009)); *See also*, *United States v. Sanchez*, 2010 WL 5222131, at *2 (S.D.N.Y. Dec. 22, 2010) (denying writ of *coram nobis* due to appeal waiver in plea agreement); *Awan v. United States*, 2009 WL 3245884, at *4 (E.D.N.Y. Sept. 30, 2009) (denying an attack on forfeiture through a petition for a writ of error *coram nobis* because the petitioner had "agreed to forfeiture as part of the agreement and that he "knowingly and voluntarily waive[d] his right to a jury trial on the forfeiture of [certain assets]" (alteration in original)).

Petitioner has waived any collateral challenge to the Restitution and Forfeiture Orders because both the restitution and forfeiture amounts did not exceed the $3 million dollar threshold set forth in the waiver. *See*, Restitution Order ($2,210,377.46 in restitution); Forfeiture Order ($3,000,000 in forfeiture). Moreover, the Second Circuit dismissed Petitioner's appeal of his sentence, finding that Petitioner had not demonstrated that the waiver of his appellate rights was unenforceable. *See*, Mandate, Dkt. Entry No. 149. Accordingly, Petitioner's claims as to the Restitution and Forfeiture Orders are barred procedurally and these aspects of the Petition are denied. Notwithstanding the procedural bar, as set forth below, the Petition also is denied on the merits.

**II.    Restitution Order Claim**

Petitioner claims that the Restitution Order was illegal because, while the victim of the offense was Red Apple, the restitution was awarded to the USDA. *See*, Pet. at 9. In *Kaminski v.*

5

*United States*, the Second Circuit declined to decide but rather suggested in *dicta* that *coram nobis* may be used to challenge a non-custodial aspect of a sentence, such as an order of restitution. *See*, *Kaminski v. United States*, 339 F.3d 84, 89-91 (2d Cir. 2003)). While recognizing that the law on this issue is unclear, the court in *Carnesi v. United States* found that district courts in the Second Circuit have allowed the use of *coram nobis* to challenge restitution orders. *See*, *Carnesi v. United States*, 933 F. Supp.2d 388, 393-94 (E.D.N.Y. 2013) (collecting cases). This Court also finds that, had Petitioner's claim not been barred procedurally as determined above, he could have challenged the Restitution Order through the instant Petition. *See*, *supra* Section I.

However, Petitioner has failed to demonstrate "compelling" circumstances that justify the relief he seeks. Petitioner's contention that the USDA was not "the victim of the offense" to receive the restitution simply is erroneous and flies in the face of the plain wording of the relevant statute. *See*, Pet. at 9-13. The Mandatory Victims Restitution Act ("MVRA") provides "that in sentencing a defendant convicted of a felony committed through fraud or deceit, the court must order the defendant to pay restitution to any identifiable person directly and proximately harmed by the offense of conviction." *United States v. Reifler*, 446 F.3d 65, 113 (2d Cir. 2006) (citing 18 U.S.C. § 3663A(a)(2)). The MVRA defines "victim" as one who is "directly and proximately harmed as a result of the commission of an offense" including "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). The Second Circuit clearly has established that the "the [USDA] fits within the meaning of 'victim' under the MVRA." *United States v. Ekanem*, 383 F.3d 40, 41-42 (2d Cir. 2004) (affirming a district court's decision to award restitution to the USDA upon the defendant's conviction for embezzling funds from the CACFP).

6

Moreover, the Court already has denied this identical contention both at the sentencing and in the Court's denial of Petitioner's Rule 35 Motion.  *See*, Sentencing Transcript ("Sent. Tr."), Dkt. Entry No. 108, at 24-25; Rule 35 Order at 3.  As the Court abundantly made clear in these prior orders, Red Apple was not the victim because the offense was "embezzlement of federal funds." Sent. Tr. at 24.  Any "funds [that] were not fully used [by Red Apple] for the purpose that they were intended" did not belong to Red Apple and would have to be returned to the USDA.  *Id.* at 24-25; Rule 35 Order at 3.  Moreover, it would be illogical and against public policy to return any money to Red Apple when its purpose was to act as "a vehicle to commit the fraud for which [Petitioner] was convicted."  Sent. Tr. at 24; Rule 35 Order at 4.

Petitioner also fails to establish the second prong of the *coram nobis* standard.  Petitioner claims that he "continues to suffer the consequences . . . , including loss of the use of his funds, loss of interest, and possibly, a contempt sanction for late payment."  Pet. at 14-15.  However, Petitioner already has paid the restitution in full.  Pet. at 14.  Petitioner has no outstanding obligations with respect to the restitution and, thus, "those obligations do not constitute 'continuing' consequences of [his] conviction."  *Slaine v. United States*, 2018 WL 8737886, at *5 (S.D.N.Y. Mar. 5, 2018) (finding that a full payment of $500,000 fine "does not present a 'continuing collateral consequence' of [petitioner's] conviction" and, therefore, "the fine does not give this [C]ourt *coram nobis* jurisdiction" (citing *Porcelli v. United States*, 2001 WL 34894717, at *4 (E.D.N.Y. July 17, 2001), *aff'd*, 303 F.3d. 452 (2d Cir. 2002))).

"To meet the burden of demonstrating that he suffers from a continuing legal consequence, a petitioner must at least point to 'a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm. . . .  [I]t is not enough to raise purely speculative harms.'" *Fleming v. United States*, 146 F.3d 88, 91 (2d Cir. 1998) (quoting *United States v. Craig,* 907 F.2d

7

653, 658 (7th Cir. 1990) (alteration in original)). Petitioner offers no "concrete" threat of harm he will suffer continuously from having paid the restitution. Thus, since Petitioner has set forth no continuing legal consequence that poses a threat of "serious harm" sufficient to justify a writ of error *coram nobis*, this aspect of the Petition is denied.

### III.     Forfeiture Order Claim

The Forfeiture Order was issued pursuant to, *inter alia*, 18 U.S.C. § 981(a)(1)(C). *See*, Forfeiture Order at ¶ 1. According to Petitioner, citation to this statutory provision was in error because 18 U.S.C. § 981 is applicable to civil forfeiture only, not criminal forfeiture. *See*, Pet. at 17-18. Petitioner further contends that he received ineffective assistance counsel because Demarco failed to point out this error. *Id.* at 18. Here, Petitioner again fails to show compelling circumstances that justify the writ's remedy because the claim is based on a misreading of the statute. Section 981(a)(1)(C) provides for forfeiture of any property "which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C). Section 1956(c)(7)'s definition of "specified unlawful activity" includes "an offense under . . . section 666 (relating to theft or bribery concerning programs receiving Federal funds)." 18 U.S.C. § 1956(c)(7)(D). Accordingly, under the plain language of the pertinent statutes, § 981(a)(1)(C), through "specified unlawful activity" under § 1956(c)(7), authorizes forfeiture for violations of § 666(a)(1). Therefore, this aspect of the Petition is denied. Since Petitioner's underlying claim as to the Forfeiture Order lacks merit, his ineffective assistance claim also is denied.

In addition, the Court declines to consider Petitioner's argument that "the [I]nformation alleged *only* a criminal forfeiture pursuant to § 982, which is narrower than the civil forfeiture

permitted under § 981(a)(1)(C)." Reply at 6 (emphasis in original). Petitioner did not raise this argument in the Petition and only raised it in his reply memorandum. Accordingly, the Court considers the argument waived. *See*, *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082, at *2 n.2 (S.D.N.Y. Nov. 19, 2013) (noting that issues raised for the first time in reply papers are deemed waived); *See also*, *Est. of Ungar v. Palestinian Auth.*, 451 F. Supp.2d 607, 611 (S.D.N.Y. 2006) ("[A]s a general rule, courts will not consider arguments raised for the first time in a reply brief.").

## IV. Ineffective Assistance of Counsel Claim

Finally, Petitioner claims that his sentencing counsel, Demarco, was constitutionally ineffective for failing to ensure that Petitioner received a *Fatico* hearing on the issues of restitution and forfeiture. *See*, Pet. at 15-19. Specifically, Petitioner argues that, despite informing Demarco that he did not wish to waive his right to a *Fatico* hearing, Demarco failed to preserve the right to contest the Government's loss calculations, "which were higher than the calculations believed by the defense to be accurate." *Id*. at 19.

The Second Circuit has held that a defendant may seek review of a sentence notwithstanding the existence of a waiver pursuant to a plea agreement when the review is based on "the defendant's right to appeal on the grounds of ineffective assistance of counsel." *Awan*, 2009 WL 3245884, at *3 (quoting *United States v. Rosa*, 123 F.3d 94, 98 (2d Cir.1997) (internal quotation marks omitted)). *Coram nobis* petitions predicated on ineffective assistance of counsel must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See*, *Gushlak v. United States*, 2017 WL 888301, at *2 (E.D.N.Y. Mar. 6, 2017) (citing *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014)). Under this standard, a petitioner must: (1) demonstrate that "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing

9

professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland*, 466 U.S. at 688, 693 (1984)). Although a petitioner must satisfy both prongs to obtain relief, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

As a preliminary matter, a criminal defendant does not have a due process right to a *Fatico* hearing. *See*, *United States v. Preston*, 499 Fed. Appx. 70, 74 (2d Cir. 2012) ("A district court is not required to hold a full-blown evidentiary hearing to address sentencing disputes. . . . Rather, the court must simply 'afford the defendant some opportunity to rebut the Government's allegations.'") (quoting *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996)). Additionally, defense counsel may make a strategic decision to waive a *Fatico* hearing. *See*, *United States v. Santiago*, 330 F. App'x 234, 238-39 (2d Cir. 2009) ("[A] defendant's counsel may properly decide to forego a *Fatico* hearing as a 'matter of strategy,' and we presume that such a strategy is sound absent a strong showing to the contrary."); *United States v. Peterson*, 896 F. Supp.2d 305, 319 (S.D.N.Y. 2012) (holding that counsel was not ineffective for waiving a *Fatico* hearing to determine a loss amount and "[t]he decision to forego the *Fatico* hearing was a strategic one that falls within the range of reasonable professional assistance"); *Rodriguez v. United States*, 2005 WL 755769, at *4 (E.D.N.Y. Apr. 4, 2005) ("By avoiding a *Fatico* hearing, [defense counsel] could reasonably have been trying to avoid highlighting this damaging evidence to the Court.").

According to Demarco, Petitioner "changed his position more than one time on whether to proceed with the hearing." Demarco Aff. at ¶ 6. Demarco further states that he included "any objections that [Petitioner] wanted to raise as to restitution, loss and forfeiture" in the written

10

submissions to the Court. *Id.* at ¶ 5.  Indeed, through Demarco, Petitioner had ample opportunities to express his position as to the restitution and forfeiture amounts prior to his sentencing.  *See*, Objs. to the Presentence Investigation Report, Dkt. Entry No. 68; Sentencing Mem. dated Aug. 16, 2013, Dkt. Entry No. 77; Sentencing Mem. dated Sept. 27, 2013, Dkt. Entry No. 85.  As such, the Court finds that Petitioner has failed to show that Demarco's performance fell blow an objectively reasonable standard.  *See*, *Strickland*, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.").

Moreover, Petitioner offers "no indication that a *Fatico* hearing would have resulted in favorable factual findings."  *Santiago*, 330 F. App'x at 239.  Besides broadly asserting that the Government's loss calculations were incorrect, Petitioner does not explain how a hearing would have impacted his sentence.  *See*, Pet. at 19.  Such an assertion is insufficient to establish the *Strickland* standard for ineffective assistance of counsel.  *See*, *United States v. Costa*, 423 F. App'x 5, 9  (2d Cir. 2011) (holding that "in the absence of what evidence, if any, a *Fatico* hearing might have established, [the Court] cannot conclude that counsel's failure to request one prejudiced [the petitioner] in any way") (summary order).  Therefore, Petitioner's ineffective assistance claim is denied.

## **CONCLUSION**

For the reasons stated above, Petitioner has not established an entitlement to writ of error *coram nobis*, and the Petition is denied in its entirety.

SO ORDERED.

Dated:  Brooklyn, New York
         January 26, 2022

                                          /s/
                              DORA L. IRIZARRY
                              United States District Judge